UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JAMES LUMPKIN,

                Plaintiff,

-against-

NEW YORK POLICE DEPARTMENT OF THE
77TH PRECINCT, CORPORATION COUNCIL
OF N.Y.C.,

                Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
13-CV-07227 (CBA) (LB)

**AMON, Chief United States District Judge:**

Plaintiff James Lumpkin, currently incarcerated at the Otis Bantum Correctional Center at Rikers Island ("OBCC"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983. Lumpkin's request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted. Lumpkin's request for pro bono counsel is denied without prejudice. For the reasons discussed below, Lumpkin's claims against the New York City Police Department, 77th Precinct and the New York City Corporation Counsel are dismissed and Lumpkin is granted thirty (30) days leave from the date of this order to file an amended complaint.

## BACKGROUND

Lumpkin alleges that on September 23, 2011, he was falsely arrested by members of the 77th Precinct "for a firearm that was found in the streets of New York by the Police Department." (Compl. at 2-3.) He further alleges that he was then unlawfully held at OBCC until the charges stemming from the arrest were dismissed on November 25, 2013. (Compl. at 2.) Lumpkin seeks monetary damages. (Compl. at 5.)

1

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner complaint sua sponte if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under Prison Litigation Reform Act, sua sponte dismissal of frivolous prisoner complaints is not only permitted but mandatory).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read a pro se plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Grullon v. City of New Haven, 720 F.3d 133, 139 (2d Cir. 2013). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## DISCUSSION

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "'committed by a person acting under color of state law,'" and (2) that such conduct "'deprived

2

[the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States.'" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive rights, but rather is a vehicle to "redress ... the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter Ch. 17 § 396. The New York City Police Department, 77th Precinct and the Corporation Counsel are agencies of the City of New York that lack independent legal existence and therefore are not suable entities. See, e.g., Nnebe v. Daus, 644 F.3d 147, 158 n.6 (2d Cir. 2011) ("It is well settled in this Court that, as a general matter, agencies of New York City are not suable entities in § 1983 actions."). Furthermore, other than being named in the caption of the complaint, there are no factual allegations or claims asserted within the complaint against the New York City Corporation Counsel. Therefore, Lumpkin's claims against the New York City Police Department, 77th Precinct and the New York City Corporation Counsel are dismissed. 28 U.S.C. § 1915A(b).

## CONCLUSION

Although Lumpkin's complaint is dismissed, in light of this Court's duty to liberally construe pro se complaints, Lumpkin is given thirty (30) days leave to file an amended complaint. Should Lumpkin elect to file an amended complaint, he must name as proper defendants those individuals who had some personal involvement in the action he alleges in the amended complaint. See Iqbal, 556 U.S. at 676 ("[A] plaintiff must plead that each Government-official

3

defendant, through the official's own individual actions, has violated the Constitution."). If Lumpkin wishes to bring claims against a defendant and does not know the name of the individual, he may identify them as John or Jane Doe, identify their place of employment, and to the best of his ability describe the individual and the role he or she played in the alleged deprivation of his rights. Lumpkin must also provide the dates and locations for each relevant event.

Lumpkin is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Lumpkin must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

No summons shall issue at this time and all further proceedings shall be stayed for thirty (30) days. If Lumpkin fails to comply with this order within the time allowed, judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Chief Judge Carol B. Amon
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
February 24, 2014

4